951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zalento A. BUSTAMENTE, a/k/a Javier Luna-Peralta, Defendant-Appellant.
 No. 90-30439.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1991.*
Decided Dec. 16, 1991.
 
 Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zalento Bustamente was convicted by a jury of conspiracy to distribute cocaine. One of the prosecution's witnesses was James Chambers, a police informant himself facing charges of drug trafficking. Chambers testified that he had purchased cocaine from Bustamente on several occasions during the five months prior to Bustamente's arrest by an undercover police officer in Portland. Bustamente argues on appeal that Chamber's testimony was inadmissible "other acts" evidence under Fed.R.Evid. 404(b). We review the admission of evidence under Rule 404(b) for an abuse of discretion. United States v. Conners, 825 F.2d 1384, 1390 (9th Cir.1987).
 
 
 3
 In Huddleston v. United States, 485 U.S. 681, 689-90, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), the Supreme Court concluded that evidence may be admitted under Rule 404(b) so long as it is conditionally relevant under Rule 104(b). Bustamente contends that Chambers's testimony fails to meet Huddleston's standard for conditional relevance--namely, whether "the jury could reasonably find the conditional fact [here, that Chambers had purchased cocaine from Bustamente] ... by a preponderance of the evidence." Id. at 690. Bustamente's challenge to Chambers's testimony, however, is aimed not at disputing the conditional relevance of the testimony under Rule 104(b), but rather at what he claims is a lack of credibility on the part of Chambers. Whether Chambers's veracity was shaky has no bearing on the issue. "In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690. Therefore, Bustamente's challenge to Chambers's credibility is not a ground on which to fault admission of Chambers's testimony.
 
 
 4
 Bustamente also contends that Chambers's testimony was inadmissible under Fed.R.Evid. 403 because its probative value was substantially outweighed by its potential to prejudice the jury. While Bustamente makes only a conclusory argument on this issue, a review of the record indicates that the district court did not abuse its discretion by admitting the testimony. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989). Chambers's testimony was relevant to the government's claim that Bustamente was involved in a narcotics conspiracy, as distinct from an isolated sale of cocaine, on the day he was arrested. We conclude that Chambers's testimony about Bustamente's prior drug trafficking was neither a red herring nor a diversionary attempt by the government to cloud the issues and portray Bustamente as an inherently criminal character. The evidence of prior cocaine sales was, instead, "relevant and discrete," id., and its admission was not an abuse of discretion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3